FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 0 5 2007 ★

BROOKLYN OFFICE

# MindFreedom International

454 Willamette, Suite 216; PO Box 11284
Eugene, OR 97440-3484 USA

Ph: (541) 345-9106 Fax: (541) 345-3737
Email: office@mindfreedom.org

**MFI**

2 January 2007

From: Ted Chabasinski
Attorney for Judi Chamberlin and MindFreedom International
2923 Florence Street, Suite 301
Berkeley, California 94705
California State Bar #132871
phone: (510) 703-6372 or (510) 843-6372
e-mail: tedchabasinski@gmail.com

*[handwritten: 1=2 D gw 1/3/06]*

To: Honorable Jack Weinstein, Senior Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
fax: (718) 613-2527

*[handwritten: 04MD1596]*

Re: Injunction issued 12/29/06 regarding Zyprexa documents

Dear Judge Weinstein:

I am an attorney licensed to practice in all courts in California. I am representing Judi
Chamberlin and one of the organizations with which she is associated, MindFreedom
International. Both parties were named in the 12/29/06 injunction.

Judi Chamberlin has been an author, lecturer, and activist in the field of psychiatric
patients' rights for many years. MindFreedom International, on whose board she is a
member, is a coalition of about 100 groups in 13 countries working for the same cause.

This carelessly-drawn injunction, obtained at the court's close of business just before a
five-day recess, is an abuse of process.

As everyone is aware at this point, there are thousands of copies of the documents in
question circulating on the Internet and in the hands of innumerable people. The
defendants' lawyers know full well that any injunction intended to recover the documents
is a futile gesture. There is no way to keep these documents secret any longer. While
the injunction purports to be an attempt to recover the documents, it is clear that its real
purpose is to intimidate Lilly's critics, and the court should refuse to cooperate with this.

*www.MindFreedom.org*
Win Human Rights in Mental Health



While the underlying case is civil, what these documents show is **CRIMINAL** behavior on the part of Lilly's executives. They have chosen a course of action, lying about and hiding the real effects of Zyprexa, that they knew would lead to the injury and death of literally thousands of people. If this isn't criminal, I don't know what is.

My clients, and many other people involved in the issue of protecting psychiatric patients' rights, are calling for the criminal prosecution of the people responsible for this situation. As I am sure you know, what is currently happening in the drug industry is that the manufacturers lie about the true effects of their drugs. Lawsuits are brought, and the companies sometimes have to make a big payout. In Lilly's situation, I understand they have set aside about $750 million to pay claims brought by plaintiffs who became diabetic as a result of the drug.

But when a company is making billions of dollars from some drug, a few hundred million dollars is simply a cost of doing business. So civil lawsuits don't stop these abuses. But if drug company executives know they may face long prison terms for their willingness to kill people for profit, they will think more than twice about what they do.

I think it is important that everyone who is aware of this kind of activity, including judges, begin to conceptualize what is happening as criminal behavior, not simply overly-sharp business practices. If executives can go to prison for stealing their companies' money, surely those who steal people's lives deserve at least the same fate.

And I believe that what worries Lilly about the wide circulation of these formerly secret documents is not that their alleged trade secrets will fall into the hands of some competitor (who is probably doing pretty much the same thing). Lilly's problem is that these documents may be reviewed by some prosecutor who will bring these corporate criminals to justice.

And thus Lilly's misuse of the injunction, whose only purpose is to frighten people into giving up their First Amendment right to petition the government for redress of grievances, which in this situation means putting these documents into the hands of as many potential prosecutors as possible.

While I recognize that the issue of the criminality of the acts of Eli Lilly's executives is not within the purview of the underlying litigation here, the court should not cooperate in shielding Lilly's executives from criminal prosecution.

Furthermore, the defendants have created a massive public health problem by dishonestly inducing mental health authorities to administer this drug, often forcibly, to many thousands of people, whose drug-caused disabilities will now be a drain on the public health system for many years.

It is not in the public interest to keep documents secret when it will have the effect of making it much more difficult to prevent the disability of thousands of people.

Nor is it legitimate for the defendants to be allowed to frighten citizens from petitioning the government for redress of grievances, which is the real purpose of this injunction.

In any case, while of course I would never counsel anyone to disobey a court order, the fact is that these formerly secret documents are now so widely distributed that there is no way to retrieve them.

I urge the court to dissolve the present injunction and to issue no further injunctions of the same kind, both because it would be a futile gesture and because such a further injunction would clearly be against the public interest.

Sincerely,

Ted Chabasinski per Dai Oate

Ted Chabasinski
Attorney for Judi Chamberlin and MindFreedom International